**UNITED STATES**

v.

**Robert M. DUWORS, 024 36 6063,**
**Lieutenant (junior grade) (0–2)**
**U. S. Naval Reserve.**

**NCM 78 0509.**

U. S. Navy Court of Military Review.

Sentence Adjudged 8 Dec. 1977.

Decided 7 March 1979.

LT Lawrence W. Muschamp, JAGC, USN, Appellate Defense Counsel.

LT J. G. VanWinkle, JAGC, USNR, Appellate Government Counsel.

Before DUNBAR, Senior Judge, and GREGORY and GLADIS, JJ.

PER CURIAM:

At a general court-martial convened by the Commandant, Fifth Naval District, Norfolk, Virginia, the appellant was tried on 5–8 December 1977 for alleged violations of United States Navy Regulations, 1973, Article 1151, prohibiting the sale, transfer and possession of a controlled substance, marijuana, and for conspiring with three other members of the naval service to traffic in that substance aboard USS AMERICA (CV–66).

At a trial by judge alone, the appellant was convicted, contrary to his pleas, of each of the 29 specifications charged under Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892, and of the one count of conspiracy charged under Article 81, 10 U.S.C. § 881, Uniform Code of Military Justice. The appellant was sentenced to dismissal from the naval service, to total forfeiture of all pay and allowances, and to confinement at hard labor for 4 years. The sentence was approved by the convening authority on 17 March 1978, and the record of trial transmitted to the Judge Advocate General for review by this Court.

Appellant makes 5 assignments of error. He first asserts that the military judge committed reversible error by considering statements made by the appellant to the Government psychiatrist in the course of appellant's sanity board examination, which statements were subsequently used against appellant not only on the issue

of sanity but also on the ultimate issue of his guilt or innocence. *United States v. Babbidge*, 18 U.S.C.M.A. 327, 40 C.M.R. 39 (1969); *United States v. White*, 19 U.S.C.M.A. 338, 41 C.M.R. 338 (1970); and *United States v. Frederick*, 3 M.J. 230 (C.M.A.1977).

We disagree. Testimony in the record shows clearly that before the Government psychiatrist examined the appellant he informed him of his rights pursuant to Article 31, U.C.M.J., 10 U.S.C. § 831. The record also shows that appellant acknowledged he understood his rights. Nor were any threats, promises, force or intimidation used on appellant during the interview. Appellant asserts, however, that there is no "willing waiver" of his right to remain silent if it is conditioned upon his forfeiture of another right, the right to present his defense of lack of responsibility which requires that he be examined by Government psychiatrists. We cannot concur with appellant in this assertion. We know of no provision or case law which would permit an accused at a sanity board to waive his right against self-incrimination under Article 31 and subsequently exclude the use of disclosed evidence from the merits of the case.

The testimony of the Government psychiatrist concerning facts bearing upon the merits of the case was minimal, to say the least. We also note the record shows that appellant was asked whether he wished to have his defense counsel present during his psychiatric interview and that he replied in the negative. Article 31, U.C.M.J., provides that if a person waives his right to remain silent, any statements made by him may be used against him in a trial by court-martial. The law is clear in this regard and we have no authority to change it in our decisions.

Appellant states further that the military judge considered two items of misconduct not charged: an expressed desire of appellant to have a Government witness killed; and a plan of appellant to purchase additional marijuana. Concerning the latter, the record is clear that the military judge declined to admit this evidence and stated he would not consider it. Concerning the former, there is little doubt in our minds that the evidence of misconduct not charged was otherwise admissible as reflecting a guilty state of mind. In other words, the purpose of disposing of the witness was to prevent introduction of testimony which would establish the guilt of the appellant as to the offenses alleged.

We see no merit in appellant's additional assignments of error.

In view of the foregoing, the findings and sentence, as approved below, are affirmed.